**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
**GUERDA OCCILIEN,**

*Plaintiff,*

Index No. 1:19-cv-7634

v.

**RELATED PARTNERS, INC., ARTEMIO**
**JIMENEZ, HUDSON YARDS CONSTRUCTION,**
**LLC, KATHERINE BLOCK, HUDSON YARDS**
**CONSTRUCTION II, LLC, HUDSON YARDS**
**CONSTRUCTION HOLDINGS II, LLC, RUSSELL**
**TOBIN & ASSOCIATES,**

*Defendants.*

------------------------------------------------------------------x

**RELATED PARTNERS, INC., HUDSON YARDS**
**CONSTRUCTION, LLC, HUDSON YARDS**
**CONSTRUCTION II, LLC, HUDSON YARDS**
**CONSTRUCTION HOLDINGS II, LLC,**

*Third-Party Plaintiffs,*

v.

**RUSSELL TOBIN & ASSOCIATES,**

*Third-Party Defendant.*

------------------------------------------------------------------x

**DEFENDANT/THIRD-PARTY DEFENDANT'S**
**MEMORANDUM OF LAW IN SUPPORT OF ITS**
**MOTION TO DISMISS**

**HOFFMANN & ASSOCIATES**
*Attorneys for Defendant/Third-Party Defendant*
*Russell Tobin & Associates*
**450 Seventh Avenue, Suite 1400**
**New York, New York 10123**
**Tel (212) 679-0400**
**Fax (212) 679-1080**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
GUERDA OCCILIEN,

                         *Plaintiff,*                       Index No. 1:19-cv-7634

             v.                                DEFENDANT/THIRD-PARTY
                                                  DEFENDANT'S
RELATED PARTNERS, INC., ARTEMIO           MEMORANDUM OF LAW
JIMENEZ, HUDSON YARDS CONSTRUCTION,     IN SUPPORT OF ITS
LLC, KATHERINE BLOCK, HUDSON YARDS     <u>MOTION TO DISMISS</u>
CONSTRUCTION II, LLC, HUDSON YARDS
CONSTRUCTION HOLDINGS II, LLC, RUSSELL
TOBIN & ASSOCIATES,

                        *Defendants.*
-------------------------------------------------------------------x

RELATED PARTNERS, INC., HUDSON YARDS
CONSTRUCTION, LLC, HUDSON YARDS
CONSTRUCTION II, LLC, HUDSON YARDS
CONSTRUCTION HOLDINGS II, LLC,

                   *Third-Party Plaintiffs,*

             v.

RUSSELL TOBIN & ASSOCIATES,

                   *Third-Party Defendant.*
-------------------------------------------------------------------x

## <u>PRELIMINARY STATEMENT</u>

       Defendant/Third-Party Defendant Russell Tobin & Associates (hereinafter "Russell

Tobin") respectfully submits this memorandum of law in support of its motion to dismiss the

complaint herein made by Plaintiff Guerda Occilien and compel Plaintiff to arbitrate her

claims.

## SUMMARY OF ARGUMENT

Russell Tobin & Associates is a domestic business corporation with a principal place of business in Manhattan. Russell Tobin is in the business of providing staffing solutions to clients across a variety of skillsets and industries.

In or around August 15, 2016 Russell Tobin entered into a Master Employment Agreement with Plaintiff, wherein Plaintiff was to provide services to Russell Tobin's client, Related Partners, Inc. (hereinafter "Related").  Russell Tobin then placed Plaintiff with Related and Plaintiff commenced providing services to Related in or around August 2016.

Pursuant to the Master Employment Agreement, Plaintiff was employed by Russell Tobin at all times, and was never an employee of Related.

The Master Employment Agreement further makes it clear that any disputes arising out of Plaintiff's employment with Russell Tobin or between Plaintiff and Related, would be submitted to arbitration before the American Arbitration Association (hereinafter "AAA") in New York City pursuant to its labor arbitration rules.

Russell Tobin contends that it was, at all relevant times, Plaintiff's employer and that any claims Plaintiff has in relation to her employment with Russell Tobin and/or any disputes she may have with Related should be submitted to arbitration.  Defendant/Third-Party Defendant Russell Tobin's motion to dismiss therefore asks the Court to dismiss the complaint filed by Plaintiff in this action and compel her to arbitrate her claims.  If Plaintiff claims the disputes are not arbitrable, under settled U.S. Supreme Court law, the arbitrator, not the Court, must decide such questions due to the arbitration provision in the agreement requiring the arbitrator to decide his or her jurisdiction and whether the matter is arbitrable.

Accordingly, Defendant/Third-Party Defendant Russell Tobin & Associates respectfully request the Court to dismiss Plaintiff's complaint in this action and compel her to arbitrate her claims.

## STATEMENT OF FACTS

On or around August 14, 2019 Plaintiff filed an employment discrimination complaint with this Court against Defendants Related Partners, Inc., Artemio Jiminez, Hudson Yards Construction, LLC, Katherine Block, Hudson Yards Construction II LLC, Hudson Yards Construction II Holdings, LLC (hereinafter, the "Related Defendants") alleging that, as her employers, they discriminated against her based upon her race, color and sex and further that they retaliated against her based upon her complaints. *See* Docket No. 2. On January 23, 2020 Russell Tobin & Associates was added as a defendant. *See* Docket No. 21.

Plaintiff's complaint failed to mention that she was not, in fact, an employee of any of the Related Defendants and never has been.  Rather, she was an employee of Russell Tobin throughout the relevant period.

In or around August 2015 Russell Tobin entered into a Temporary Worker Agreement with Related.  Pursuant to the Temporary Worker Agreement, Russell Tobin was to place qualified individuals as temporary workers with Related and/or its affiliates.  *See Hoffmann Aff.* ¶ 6, Exh. A.

On or around August 15, 2016 Russell Tobin entered into a Master Employment Agreement with Plaintiff Occilien (executed by Plaintiff on August 25, 2016).  *See Hoffmann Aff.* ¶ 7, Exh. B.  Under the terms of the Master Employment Agreement, Russell Tobin hired Plaintiff to provide services to Russell Tobin's client, identified in the Master Employment

Agreement as Related.  The Master Employment Agreement states that "at all times during the term hereof Employee shall be and remain an employee of Russell Tobin and not an employee of the Client." *See Hoffmann Aff.* ¶ 8, Exh. B, ¶ 7.

Russell Tobin thereafter placed Plaintiff with Related and Plaintiff commenced providing services to Related in or around August 2016.  *See Hoffmann Aff.* ¶ 9.  At all times Russell Tobin was responsible for the payment of Plaintiff's wages and compensated Plaintiff for the services she provided to Related, and at all times Russell Tobin retained control and authority over the terms and conditions of Plaintiff's employment.  *See Hoffmann Aff.* ¶ 10-11.  Therefore, at all relevant times, Russell Tobin was Plaintiff's employer and the Related Defendants were simply clients of Russell Tobin for whom Plaintiff provided services on behalf of Russell Tobin.

Plaintiff's complaint further fails to mention that she had agreed to arbitrate any dispute arising between Plaintiff and Russell Tobin or between Plaintiff and Related concerning Plaintiff's employment, including any claims based upon discrimination.

> "13. **Arbitration.**  Except as noted herein, Russell Tobin and Employee agree and consent that any dispute arising between them or between Employee and Client concerning Employee's employment with Russell Tobin as well as any claim by Employee for unpaid wages or other compensation as well as any claim by Employee of employment discrimination or improper treatment in connection with such employment shall be submitted to arbitration before the American Arbitration Association in New York City pursuant to its labor arbitration rules and before a single Arbitrator.  Russell Tobin and Employee's agreement to arbitration shall include, without limiting the generality of the foregoing, any claims based upon the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1866, 1964, and 1991, the Age Discrimination in Employment Act, the Americans With Disability Act of 1990, the Family and Medical Leave Act, the Employee Retirement Income Security Act of 1974, New York Labor Law, New York State and City Human Rights Law or any other additional, related or comparable federal, state or local statute, regulation or ordinance or otherwise ("Covered Claims").  Any decision rendered by an Arbitrator hereunder shall be final and binding on the parties…"

*See Hoffmann Aff.* ¶ 12, Exh. B ¶ 13.

The arbitration clause in the Master Employment Agreement makes it clear that any claims made by Plaintiff arising out of her employment with Russell Tobin and/or any disputes between her and Related, needs to be filed for arbitration with the American Arbitration Association (hereinafter "AAA") pursuant to its rules and procedures.

## POINT I

### THE COURT SHOULD DISMISS
### THE COMPLAINT IN ITS ENTIRETY
### AND COMPEL ARBITRATION

It is undisputed that Plaintiff signed the Master Employment Agreement with Russell Tobin, which contained an arbitration clause.  *See Hoffmann Aff.* ¶ 12, Exh. B ¶ 13.  The U.S. Supreme Court in *Epic Sys. Corp. v. Lewis,* 138 S. CT. 1612 (2018) reiterated the strong public policy in favor of arbitration:

> "Not only did Congress require courts to respect and enforce agreements to arbitrate, it also specifically directed them to respect and enforce the parties' chosen arbitration procedures."

*Id.* at p. 12.

In *Daly v. Citigroup Inc.*, No. 16-cv-9183 (RJS) (S.D.N.Y. February 6, 2018) (Decision and Order), affirmed No. 18-665 (2d Cir. September 19, 2019), the Court held:

> "Under the Federal Arbitration Act, arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 USC. § 2.  "A district court has no discretion regarding the arbitrability of a dispute when the parties have agreed in writing to arbitration." *Leadertex, Inc. v. Organton Dyeing & Finishing Corp.,* 67 F.3d 20, 25 (2d Cir. 1995) (citing 9 U.S.C. §§ 3, 4).  Federal Policy favors arbitration "as an alternative means of dispute resolution." *Hartford Accident & Indemnity Co. v. Swiss Reinsurance Am. Corp.,* 246 F.3d 219, 226 (2d Cir. 2011).  Indeed, the Second Circuit has stated that "it is difficult to overstate the strong federal policy in favor of arbitration, and it is a policy we 'have often and emphatically applied.'"  *Arciniaga v. Gen. Motors Corp.,* 460 F. 3d 231, 234 (2d Cir. 2006) (quoting *Leadertex,* 67 F.3d at 25).  Accordingly, "where… the existence of an arbitration agreement is disputed,

doubts as to whether a claim falls within the scope of that agreement should be resolved in favor of arbitrability." *ACE Capital Re Overseas Ltd. V. Cent. United Life Ins. Co.,* F.3d 24, 29 (2d Cir. 2002); *see also Collins & Aikman Prods. Co. v. Bldg. Sys. Inc.,* 58 F.3d 16, 19 (2d Cir. 1995) ("'[F]ederal policy requires us to construe arbitration clauses as broadly as possible." … We will compel arbitration 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" (quoting *David L. Threlkeld & Co. v. Metallgesellschaft Ltd. (London),* 923 F.2d 245, 250 (2d Cir. 1991)))."

*Id.* at p. 4-5.

In *Yorke v. TSE Group LLC.*, No. 18-cv-5268 (JMF) (S.D.N.Y. July 17, 2019) (Decision and Order), the Court further held:

"The threshold question facing any court considering a motion to compel arbitration" - and the only question here - is "whether the parties have indeed agreed to arbitrate." *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 118-19 (2d Cir. 2012). In deciding this issue - which is governed in this case by New York contract law, *see id.* at 119; *Marcus v. Collins*, No. 16-CV-4221 (GBD) (BCM), 2016 U.S. Dist. LEXIS 183519, 2016 WL 8201629, at *8 (S.D.N.Y. Dec. 30, 2016) - "courts apply a standard similar to that applicable for a motion for summary judgment," deciding whether there is an issue of fact as to the making of the agreement based on "all relevant, admissible evidence submitted by the parties and contained in pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (internal quotation marks omitted). Under this standard, "[t]he party moving to compel arbitration 'must make a prima facie initial showing that an agreement to arbitrate existed before the burden shifts to the party opposing arbitration to put the making of that agreement in issue.'" *Begonja v. Vornado Realty Tr.*, 159 F. Supp. 3d 402, 409 (S.D.N.Y. 2016) (quoting *Hines v. Overstock.com, Inc.*, 380 F. App'x 22, 24 (2d Cir. 2010) (summary order)). "The moving party need not show initially that the agreement would be enforceable, merely that one existed." *Id.* (internal quotation marks omitted)."

*Id.* at p. 1-2.

Applying the standards enunciated by the Courts above, Russell Tobin need only to make a *prima facie* showing that Plaintiff agreed to arbitrate her claims – namely by submitting a signed agreement containing an arbitration clause.  The arbitration provision in the Master Employment Agreement between Plaintiff and Russell Tobin clearly encompasses

all claims dealing with employment discrimination or improper treatment in connection with such employment and thus this action should be dismissed in its entirety and Plaintiff should be compelled to file her claims in the AAA arbitral forum.

As the Supreme Court has explained, parties may agree to arbitrate not just the "merits" of a contractual dispute, but also the "arbitrability" of such a dispute. That is, parties to a contract may agree to arbitrate not only whether one party is liable to the other, but also whether they agreed to arbitrate in the first place. *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 942 (1995). It has been held that parties may include a "delegation provision" in their contract that clearly assigns arbitrability questions to an arbitrator. Such delegation provision is sufficient to prove that the parties agreed to arbitrate arbitrability. *See Lowry v. JPMorgan Chase Bank, N.A. 522 F. App'x 281, 283 (6ᵗʰ Cir. 2013); Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-70 (2010).

A provision such as in the instant case directing an arbitrator to resolve disputes pursuant to the AAA Rules furnishes such clear and unmistakable evidence. The Master Employment Agreement signed by Plaintiff on August 22, 2016 contains an arbitration clause that states:

> "… Russell Tobin and Employee agree and consent that any dispute arising between them or between Employee and Client concerning Employee's employment with Russell Tobin as well as any claim by Employee for unpaid wages or other compensation as well as any claim by Employee of employment discrimination or improper treatment in connection with such employment shall be submitted to arbitration before the American Arbitration Association in New York City pursuant to its labor arbitration rules and before a single Arbitrator."

*See Hoffmann Aff.* ¶ 12, Exh. B ¶ 13

The AAA's Employment Arbitration Rules and Mediation Procedures specifically provide in Rule 6 that the arbitrator decides questions of arbitrability:

   a.  The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement.

      …

   c.  A party must object to the jurisdiction of the arbitrator or to the arbitrability of a claim or counterclaim no later than the filing of the answering statement to the claim or counterclaim that give rise to the objection."

*See Hoffmann Aff.* ¶ 13, Exh. C, Rule 6.

Therefore, if Plaintiff claims that the arbitration clause is not valid, it is up to the arbitrator, rather than the Court, to decide whether her claims are subject to arbitration.  The incorporation of the delegation provision (such as the arbitration clause contained in the Master Employment Agreement signed by Plaintiff) "serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator." *Contec Corp. v. Remote Solution Co.,* 398 F.3d 205, 208 (2d Cir. 2005).

Accordingly, Defendant/Third-Party Defendant Russell Tobin's motion seeking dismissal of Plaintiff's complaint should be granted in its entirety and Plaintiff Occilien should be compelled to arbitrate her claims under the Master Employment Agreement.

## **CONCLUSION**

For the reasons set forth herein, this Court should respectfully grant Defendant/Third-Party Defendant's Motion to Dismiss and/or compel arbitration and provide such other and further relief as it deems appropriate.

Dated: New York, New York
       April 24, 2020

Respectfully submitted,

**HOFFMANN & ASSOCIATES**

**By:  /s/ Andrew Hoffmann**
    **Andrew S. Hoffmann, Esq.**
***Attorneys for Defendant/Third-Party***
***Defendant Russell Tobin & Associates***
**450 Seventh Avenue, Suite 1400**
**New York, New York 10123**
**Tel (212) 679-0400**
**Fax (212) 679-1080**
**Andrew.Hoffmann@HoffmannLegal.com**