UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUERDA OCCILIEN,

                      Plaintiff,

          v.

RELATED PARTNERS, INC.; ARTERO JIMENEZ;
KATHERINE BLOCK; HUDSON YARDS
CONSTRUCTION II HOLDINGS LLC; HUDSON
YARDS CONSTRUCTION II LLC; HUDSON
YARDS CONSTRUCTION LLC; and RUSSELL
TOBIN & ASSOCIATES,

                      Defendants.

19 Civ. 7634 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    The Court is in receipt of Plaintiff's letter, dated March 12, 2021, and docketed March 19, 2021, seeking to lift the stay in this case (Dkt. #66), and Defendants' March 30, 2021 letter in response (Dkt. #68). The Court liberally construes Plaintiff's letter as a motion for reconsideration of the Court's January 19, 2021 Opinion and Order granting Defendants' motion to compel. (Dkt. #65). The Court has carefully reviewed Plaintiff's submission and is not persuaded that it overlooked controlling legal authority or factual data that would change its decision, or that reconsideration is needed to prevent manifest injustice. Plaintiff's motion is therefore denied.

    "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 403 n.6 (S.D.N.Y. 2011) (quoting *Patterson* v. *United States*, No. 04 Civ. 3140 (WHP), 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006)). Under Local

Rule 6.3, the moving party must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader* v. *CSX Transp. Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995) (internal citations omitted) (noting that the standard for granting motions for reconsideration is "strict"); *accord Van Buskirk* v. *United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019).

Compelling reasons for granting a motion for reconsideration are limited to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted); a*ccord Kolel Beth Yechiel Mechil of Tartikov, Inc.* v. *YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Analytical Surveys, Inc.* v. *Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp.* v. *GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).[1]

---

[1] Under Local Rule 6.3, a motion for reconsideration "shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Here, Plaintiff filed her motion for reconsideration of the Court's January 19, 2021 decision on March 12, 2021, two months after the Court's determination of the underlying motion. (*See* Dkt. #65-66). Courts in this Circuit have consistently held that the untimeliness of a motion for reconsideration is reason enough to deny the motion. *See, e.g.*, *McGraw-Hill Glob. Educ. Holdings, LLC* v. *Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018); *see also Cyrus* v. *City of N.Y.*, No. 06 Civ. 4685 (ARR) (RLM), 2010 WL 148078, at *1 (E.D.N.Y. Jan. 14, 2010) (collecting cases). Nevertheless, because of the special solicitude typically accorded to *pro se* litigants, *see Cruz* v. *Gomez*, 202 F.3d 593, 597 (2d Cir. 2000), the Court considers the merits of Plaintiff's request.

2

Plaintiff is unable to meet the stringent requirements for reconsideration. The Court understands Plaintiff to argue primarily that reconsideration is warranted because of a purported conflict of interest in an unsuccessful mediation in this case. (*See* Dkt. #66 ("[Defendants] failed to notify [the Court] that the firm Jackson Lewis P.C. who was the mediator of March 2020 was the partner of [Defendant] Russell Tobin and are currently partnering in project[s] worth million[s].")). However, this argument is unavailing for several reasons. *First*, Plaintiff fails to provide any evidence of a connection between the mediator, the Jackson Lewis law firm, and Defendants in this case, and the Court was not able to discern any conflict through its own research. *Second*, mediation was unsuccessful and any purported conflict of interest of the mediator was (and remains) irrelevant to this Court's resolution of the motion to compel arbitration, which decision Plaintiff now asks the Court to reconsider. As such, this allegation fails to establish that reconsideration is warranted.

Plaintiff raises a number of additional factual issues related to purported misconduct by various attorneys in this case, including sending Plaintiff an unsolicited email; sending Plaintiff a copy of the transcript of a conference in this case; failing to introduce themselves at a mediation; and other similar behavior of this sort. (*See* Dkt. #66). The Court addresses these allegations only as potential grounds for reconsideration, and does not opine on whether any of these actions was insulting or offensive to Plaintiff. These allegations,

even if true, do not warrant reconsideration, because they have no bearing on the Court's resolution of the motion to compel arbitration.

Finally, the Court understands Plaintiff to argue that the Equal Employment Opportunity Commission's ("EEOC") determination that Plaintiff's claim was substantiated — and Defendants' characterization of the EEOC's findings — merits reconsideration. (*See* Dkt. #66). However, neither the EEOC's findings with respect to the conduct about which Plaintiff complains in this litigation nor Defendants' characterizations of those findings are relevant to the Court's January 19, 2021 Opinion, which held only that Plaintiff had agreed to arbitrate her claims against Defendants, and did not address the merits of Plaintiff's discrimination claims. Therefore, although the Court is sympathetic to Plaintiff's desire to obtain justice for what she believes to be discrimination and harassment in the workplace, the Court is constrained by Supreme Court precedent that requires Plaintiff to seek redress in arbitration rather than in federal court.

In sum, Plaintiff's motion for reconsideration is DENIED. The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:   April 1, 2021
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge