UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUERDA OCCILIEN,

                           Plaintiff,

              v.

RELATED PARTNERS, INC.; ARTERO
JIMENEZ; KATHERINE BLOCK;
HUDSON YARDS CONSTRUCTION II
HOLDINGS LLC; HUDSON YARDS
CONSTRUCTION II LLC; HUDSON
YARDS CONSTRUCTION LLC; RUSSELL
TOBIN & ASSOCIATES,

                           Defendants.

19 Civ. 7634 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

The Court is in receipt of Plaintiff's letter, dated August 15, 2021, and docketed on August 18, 2021, regarding Plaintiff's intention not to initiate an arbitration in this matter.  (Dkt. #73).  By Opinion and Order dated January 19, 2021, the Court stayed this case and granted Defendants' motion to compel arbitration.  (Dkt. #65).  In an Order dated April 1, 2021, the Court denied Plaintiff's motion for reconsideration and reaffirmed its decision that Plaintiff must seek redress of her claims in this action via arbitration.  (Dkt. #69).  By letter dated June 29, 2021, Defendants informed the Court that Plaintiff had not initiated arbitration since the Court's January Order.  (Dkt. #71).  On July 1, 2021, the Court directed Plaintiff to inform the Court "whether she intends to pursue arbitration of her claims or whether she seeks to dismiss this suit."  (Dkt. #72).  The Court further provided: "Plaintiff's failure

to respond on or by August 16, 2021, will result in the dismissal of this case."
(*Id.*).

Plaintiff timely filed her letter update, which the Court understands as
communicating an unwillingness to initiate an arbitration of her claims. (*See*
Dkt. #73 at 3 ("I expect, in good faith, for the trial to move on ....")). The Court
reiterates — as it initially made clear in January 2021, when it compelled
arbitration of Plaintiff's claims; again in April 2021, when it denied Plaintiff's
motion for reconsideration; and again in July 2021, when it ordered Plaintiff to
provide a status update — that Plaintiff must pursue her claims against
Defendants in arbitration before she may pursue these claims in federal court.
The continued refusal by Plaintiff to arbitrate her claims will result in dismissal
of this case under Federal Rule of Civil Procedure 41(b), which "gives district
courts the authority to dismiss cases, on motion or *sua sponte*, if a plaintiff
fails to comply with court orders and/or fails to prosecute an action pending in
a district court." *Shetiwy* v. *Midland Credit Mgmt.*, No. 12 Civ. 7068 (RJS),
2016 WL 4030488, at *1 (S.D.N.Y. July 25, 2016), *aff'd*, 706 F. App'x 30 (2d
Cir. 2017) (summary order). Sister courts in this District have dismissed cases
with prejudice under this rule where, despite a court order, a Plaintiff failed to
commence arbitration and demonstrated no intent to initiate arbitration. *See*
*id.* at *2 (dismissing case on Rule 41(b) grounds where Plaintiff failed to pursue
arbitration for three years following an order to compel); *Dhaliwal* v.
*Mallinckrodt PLC*, No. 18 Civ. 3146 (VSB), 2020 WL 5236942, at *2 (S.D.N.Y.

Sept. 2, 2020) (dismissing case where Plaintiff failed to initiate arbitration for "nearly a year" following the court's order to compel).

The Court is aware that dismissal with prejudice for lack of prosecution is "a harsh remedy to be utilized only in extreme situations." *Shetiwy*, 2016 WL 4030488, at *1 (quoting *LeSane* v. *Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)). At this point, nearly seven months following the Court's Order to compel arbitration, the Court does not yet view Plaintiff's non-compliance with this Order as constituting the type of extreme situation warranting dismissal with prejudice. However, the Court cautions Plaintiff that her persistent failure and unwillingness to pursue arbitration could, at some point in the near future, result in dismissal of this action. The Court is sympathetic to Plaintiff's desire to vindicate her rights in the present circumstances, but the Court is bound by the tenets of federal law mandating arbitration in Plaintiff's case.

Accordingly, the Court finds it appropriate to provide Plaintiff with a final opportunity to comply with the Court's order compelling arbitration. Plaintiff is hereby ORDERED to provide the Court with an update as to her willingness to pursue arbitration on or before December 17, 2021. This Order shall serve as Plaintiff's final notice that failure to comply with the Court's orders to arbitrate the instant dispute will result in dismissal of this action with prejudice.

SO ORDERED.

Dated:   August 23, 2021
         New York, New York

KATHERINE POLK FAILLA
United States District Judge