UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GUERDA OCCILIEN,

                Plaintiff,

-v.-

RELATED PARTNERS, INC.; ARTERO JIMENEZ; KATHERINE BLOCK; HUDSON YARDS CONSTRUCTION II HOLDINGS LLC; HUDSON YARDS CONSTRUCTION II LLC; HUDSON YARDS CONSTRUCTION LLC; and RUSSELL TOBIN & ASSOCIATES,

                Defendants.

19 Civ. 7634 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    On January 19, 2021, the Court granted Defendants' motion to compel arbitration and stayed this matter pending the outcome of that arbitration. (Dkt. #65). On multiple occasions since that Order, Plaintiff has informed the Court that she does not intend to initiate arbitration proceedings and that she remains insistent on pursuing her claims in federal court. (Dkt. #66, 73, 75). Most recently, in a letter dated December 17, 2021, Plaintiff explained her position that "[i]f Related Partners, Inc. and the[ ] lawyers of the other[] Defendants do not want to talk, then the case should go to trial. (Dkt. #75 at 8). This, despite the Court's exhortation that Plaintiff's "persistent failure and unwillingness to pursue arbitration could, at some point in the near future, result in dismissal of this action." (Dkt. # 74). The Court has determined that point is now.

Considering the factors set out by the Second Circuit in *LeSane* v. *Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001), the Court concludes that dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) is warranted at this juncture.[1]  More than eleven months have elapsed since the Court ordered arbitration, which is longer than other delays that the Second Circuit has found sufficient to support a dismissal for failure to prosecute.  *See, e.g.*, *Ruzsa* v. *Rubenstein & Sendy Att'ys at L.*, 520 F.3d 176, 177 (2d Cir. 2008) (per curiam) (describing a delay of nearly eight months as a "delay of significant duration").  This significant delay persisted amidst the Court's repeated warnings "that failure to comply with the Court's orders to arbitrate the instant dispute will result in dismissal of this action with prejudice."  (Dkt. #74; *see also* Dkt. #72).  Further, dismissal of this action will not strip Plaintiff of her right to due process and a fair chance to be heard, as she has taken it upon herself to refuse to bring her claims in the appropriate forum in the first instance.  *See Steele* v. *L.F. Rothschild & Co., Inc.*, 864 F.2d 1, 3 (2d Cir. 1988) (explaining that a "party who has been compelled to arbitrate will have her chance to argue that the arbitral forum was the incorrect one

---

[1] These factors are: "[i] the duration of the plaintiff's failures; [ii] whether plaintiff had received notice that further delays would result in dismissal; [iii] whether the defendant is likely to be prejudiced by further delay; [iv] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard … and [v] whether the judge has adequately assessed the efficacy of lesser sanctions." *LeSane* v. *Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (quoting *Alvarez* v. *Simmons Mkt. Rsch. Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)).

when the arbitral award is before the district court in an action for enforcement").

Accordingly, the Court dismisses Plaintiff's action pursuant to Rule 41(b).  *See, e.g., Dhaliwal* v. *Mallinckrodt PLC*, No. 18 Civ. 3146 (VSB), 2020 WL 5236942, at *2 (S.D.N.Y. Sept. 2, 2020) (dismissing case for failure to prosecute where plaintiff failed to initiate arbitration for "nearly a year" despite a court order to do so); *see also Shetiwy* v. *Midland Credit Mgmt.*, No. 12 Civ. 7068 (RJS), 2016 WL 4030488, at *2 (S.D.N.Y. July 25, 2016) (dismissing case on Rule 41(b) grounds where Plaintiff failed to pursue arbitration for three years following an order to compel), *aff'd*, 706 F. App'x 30 (2d Cir. 2017) (summary order).  The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

The Court additionally notes that Plaintiff has consented to electronic service of court documents.

SO ORDERED.

Dated:   December 29, 2021
         New York, New York

*Katherine Polk Failla*

KATHERINE POLK FAILLA
United States District Judge

3